# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EVARISTUS MACKEY,** | : | |
| **Plaintiff,** | : | CIVIL NO. 3:CV-05-1701 |
| v. | : | (Judge Caputo) |
| **Warden JOSEPH SMITH, et al.,** | : | |
| **Defendants.** | : | |

## O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Plaintiff, Evaristus Mackey, an inmate at the United States Penitentiary in Lewisburg ("USP-Lewisburg"), Pennsylvania, commenced this *pro se* action with a *Bivens*[1] civil rights complaint. Defendants are USP-Lewisburg Warden, Joseph Smith, and USP-Lewisburg corrections officer, Lt. T. Plaintiff claims that Defendants failed to adequately protect him from an assault by another inmate. He seeks monetary damages and expungement of a misconduct.

On December 12, 2005, Defendants filed a motion to dismiss or, in the alternative, for a more specific pleading (Doc. 12). Subsequently, a brief in support of the motion and a statement of undisputed facts were filed. Plaintiff filed no response, nor brief in opposition. By Order dated February 17, 2006 (Doc. 26), this Court directed Plaintiff to file a brief in opposition to Defendants' motion within twenty (20) days. The Order of February 17, 2006

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

forewarned Plaintiff that if he failed to file a brief within the required time period, the Court would deem the motion unopposed and grant it without a merits analysis, and the Court forewarned that the case would be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Although the deadline for filing an opposing brief has passed, Plaintiff has neither filed a brief in opposition to Defendants' motion, nor has he requested an extension of time in which to do so.  In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit held that a motion to dismiss should not be granted simply because it is unopposed.   However, the Third Circuit Court of Appeals did not preclude dismissal based upon an unopposed motion, after adequate warning.  "We do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to a dismissal without a merits analysis . . . Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked."  *Id*.  Plaintiff was advised of the requirements of Local Rule 7.6 by both the standing practice order (Doc. 3) issued in this case on August 22, 2005, and the February 17, 2006 Order.  He was specifically notified that failure to comply with Local Rule 7.6 by filing a brief in opposition would result in dismissal.  Consequently, the Court will grant the Defendants' unopposed motion to dismiss without a merits analysis, and the case will be closed.  *See* M.D. Pa. Local Rule 7.6; Fed. R. Civ. P. 41(b); *Stackhouse,* 951 F.2d at 30 (3d Cir. 1991).

**ACCORDINGLY, THIS 13th DAY OF MARCH, 2006, IT IS HEREBY ORDERED THAT:**

1. Defendants' unopposed motion to dismiss (Doc. 12) is **GRANTED**.

2. The Clerk of Court shall **CLOSE** this case.

3. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

          /s/ A. Richard Caputo
          A. RICHARD CAPUTO
          United States District Judge